UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARGARET KINNEY, *et al.*, | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) No. 3:21-CV-131-TAV-JEM |
| | ) |
| F. SCOTT MILLIGAN, *et al.*, | ) |
| | ) |
| Appellees. | ) |

## REPORT AND RECOMMENDATION

This matter is before the undersigned by Order of the District Judge [Doc. 22] for consideration of Appellee F. Scott Milligan's Motion to Partially Dismiss Appeal [Doc. 17]. The Appellee moves the Court for an order dismissing the appeal as it relates to the Bankruptcy Court's order dated March 11, 2021. Appellants filed a response on July 13, 2021 [Doc. 19]. For the reasons below, the Court **RECOMMENDS** that the motion [**Doc. 17**] be **GRANTED**.

I. **BACKGROUND**

Appellant Margaret Kinney ("Debtor") filed a pro se chapter 7 bankruptcy case on February 24, 2020, and Appellee F. Scott Milligan ("Trustee") was appointed as the chapter 7 trustee and currently serves in that capacity. When the bankruptcy case was filed, the Debtor reported that she owned real property at 2442 Allegheny Loop Road, Maryville, Tennessee, 37803, valued at $50,000, and she described the nature of her ownership in the property as "tenancy by the entireties" [*See* Doc. 18-1 ("Schedule A/B: Property")]. Appellant William Kinney and Debtor (collectively "Appellants") were the record owners of the property in question by way of a quitclaim deed recorded in the Blount County, Tennessee, Register of Deeds Office on January 20, 2015 [Doc. 18-2 (the "quitclaim deed")]. The quitclaim deed conveyed Debtor's sole interest in the property at 2444 Allegheny Loop Road, Maryville, Tennessee, 37803 ("Allegheny

Property"),[1] to herself and her husband, Appellant William Kinney, as tenants by the entirety [*See id.*].

Prior to the bankruptcy case being filed, on or about August 5, 2019,[2] Appellee Anderson Lumbar, Inc. ("Anderson") recorded its judgment in the amount of $175,465.59 against the Appellants with the Blount County Register of Deeds Office [Doc. 18-3 ("Anderson Judgment")]. The Trustee informs the Court that neither Anderson nor its counsel had any knowledge that the Allegheny Property belonged to anyone other than the Appellants [Doc. 18 at 2].

After the bankruptcy filing, the Trustee notified the Debtor that it appeared Anderson had properly filed an unavoidable judgment lien against the Allegheny Property [*Id.*]. The Debtor provided the Trustee with a copy of a quitclaim deed dated March 19, 2016, that purportedly conveyed the Allegheny Property from the Appellants to their daughter, Sarah E. Valdes ("Valdes")[3] [Doc. 18-4 ("Valdes Quitclaim Deed")]. In his motion, the Trustee states that the Valdes Quitclaim Deed had not actually been recorded before the Debtor's bankruptcy filing but was instead recorded with the Blount County Register of Deeds on April 17, 2020 [Doc. 18 at 2].

---

[1] The Trustee clarified that the property record card from the Blount County Property Assessor's Office indicates that the property at 2442 and 2444 Allegheny Loop Road addresses (collectively "Allegheny Property") are part of the same parcel of property identified as Control Map 124 Parcel 073.03 [Doc. 18-5 (the "property record card")]. The property record card shows an assessed value for the Allegheny property of $90,100.00 for the 2020 tax year [*See id.*]. The Debtor valued the Allegheny property at $99,000 in her Amended Schedule A/B, filed on February 5, 2021 [Doc. 18-6 ("Amended Schedule A/B: Property")].

[2] The Trustee states the Anderson judgment was entered on or about September 5, 2019 [Doc. 18 at 2]; however, the judgment appears to have been entered on August 5, 2019 [*See* Doc. 18-3].

[3] The Allegheny Property is used for residential purposes and contains both the Debtor's and Valdes's homes. *See* [Doc. 18-3]. The total value of the Allegheny Property is less than the value of the Anderson judgment lien. *Compare* [Doc. 18-3], *with* [Docs. 18-5 & 18-6]. The Trustee asserts that both the bankruptcy estate's interest and the interest of Valdes in the Allegheny Property are subject to the Anderson judgment lien.

2

Prior to the Debtor's bankruptcy case being filed, Anderson filed suit in Blount County Circuit Court seeking to have its judgment lien against the Allegheny Property judicially foreclosed [Doc. 18-7 (Affidavit of Anderson's counsel)]. If the Allegheny Property had not been sold free and clear of Valdes's interest by the Trustee in the bankruptcy case, Anderson would have proceeded in state court with its judicial foreclosure proceeding to have the Allegheny property sold in partial satisfaction of its judgment against the Appellants [*Id.* at 2].

Following the Debtor's postpetition transfer of her interest in the Allegheny Property to Valdes, the Trustee filed an adversary complaint against Valdes on or about June 30, 2020, seeking to set aside the transfer of the Allegheny Property pursuant to 11 U.S.C. §§ 544 & 549 and recover the same for the benefit of the bankruptcy estate [Doc. 18 at 3]. On October 1, 2020, the bankruptcy court granted the Trustee's motion for partial summary judgment and set aside the transfer of the Debtor's interest in the Allegheny Property to Valdes [Doc. 18-8 (order setting aside the postpetition transfer)]. The bankruptcy court entered a corresponding judgment reflecting the same on October 22, 2020 [Doc. 18-9 (judgment setting aside the postpetition transfer)]. Neither the order [Doc. 18-8] nor the judgment [Doc. 18-9] were appealed.

The Trustee amended his adversary complaint on December 11, 2021 [Doc. 18 at 4]. The amended complaint sought permission for the Trustee to sell the bankruptcy estate's interest and the interest of Valdes in the Allegheny Property pursuant to 11 U.S.C. § 363(h) [*Id.*]. The bankruptcy court granted the Trustee summary judgment on February 5, 2021, allowing both the bankruptcy estate's interest and Valdes's interest in the Allegheny Property to be sold jointly by the Trustee [Doc. 18-10 (judgment permitting sale)]. The judgment permitting the sale of the Allegheny Property was not appealed.

3

Thereafter, the Trustee hired an auctioneer and filed a motion to sell real property free and clear of liens and notice of sale on February 12, 2021 [Doc. 18 at 4]. The Appellants filed a response in opposition to the Trustee's motion to sell on behalf of Valdes [*Id.*]. Additionally, Appellant William Kinney filed a response to the Trustee's motion claiming certain rights and opposing the sale [*Id.*]. The Debtor filed an application for a temporary restraining order and preliminary injunction, which was summarily denied on procedural grounds [*Id.*]. The Appellants also filed a document entitled "statement regarding complaint," which was also summarily denied [*Id.*]. A hearing was conducted on the Trustee's motion to sell on March 11, 2021; however, neither the Appellants nor Valdes appeared [*Id.*]. The bankruptcy court overruled Appellant William Kinney's objection to the Trustee's motion to sell and an order was entered on March 11, 2021, granting the motion [*See* Doc. 18-11 (order granting motion to sell)].

An online auction of the Allegheny Property was conducted from April 1–15, 2021 [Doc. 18 at 5]. At the conclusion of the auction, a successful bidder was determined and the purchaser, an unrelated third party, agreed to pay $82,200.00 for the property, plus the auctioneer's commission, closing costs, and real property taxes [*See* Doc. 18-12 (statement of auctioneer)]. The Trustee conducted a closing on the Allegheny Property on June 14, 2021, with the proceeds being paid to Anderson in partial satisfaction of its judgment lien ($52,200.00) less a carve-out for the bankruptcy estate of $30,000 ($7,500.00 for unsecured creditors, $22,500.00 for administrative expenses, including Trustee attorney fees/costs and Trustee commissions related to the sale) [*See* Doc. 18-13 (settlement statement & Trustee's deed)].

Now before the Court is the appeal to the bankruptcy court's order entered March 11, 2021 [Doc. 18-11], which granted the Trustee's motion to sell the Allegheny Property. The Trustee

4

states that no stay related to the sale of the Allegheny Property has been granted pending the appeal, and the Appellants have not posted any bond [Doc. 18 at 5].

## II. POSITIONS OF THE PARTIES

The Trustee contends that the Appellants do not have standing to bring an appeal of the bankruptcy court's Order Approving Sale of Real Property Free and Clear of Liens [Doc. 18-11 ("Sale Order")]. The Trustee requests that the Court enter an order dismissing the appeal as moot as it relates to the Sale Order because the Trustee has now completed a sale of the Allegheny Property, and neither the Appellants nor Valdes obtained a stay of the Sale Order pending appeal. Additionally, the Trustee argues that 11 U.S.C. § 363(m) protects the sale of the Allegheny Property to the good faith purchaser and renders the appeal moot as it relates to the Sale Order.

The Appellants request that the Court enter an order denying the Trustee's motion to partially dismiss because of alleged "Fraud, Fraud Upon the Court, and other crimes committed against the Kinney and Valdes family by the United States Trustee and the Chapter 7 Trustee" [Doc. 19 at 1]. Specifically, the Appellants argue that the sale of the Allegheny Property was unlawful because the Trustee had a personal understanding of "fraud" surrounding Anderson's claim against the bankruptcy estate; thus, the Trustee was obligated to investigate Anderson's judicial lien against the Appellants pursuant to 11 U.S.C. § 704(a)(5), and he failed to do so. Additionally, the Appellants charge that the Sale Order issued by the Bankruptcy Court and the subsequent sale of the Allegheny Property conducted by the Trustee violated 18 U.S.C. § 153. Finally, the Appellants argue that the Trustee's reliance on 11 U.S.C. § 363(m) is inappropriate because he misrepresented a material fact by arguing that there was no stay of the Sale Order as there were pending motions for a stay contained in the various appeals that have been filed and could have resulted in a stay.

5

## III.     ANALYSIS

For the reasons set forth below, the Court finds the Trustee's standing argument well taken and recommends that the Trustee's motion to dismiss be granted as the Appellants lack standing to appeal the Sale Order. The Court also finds that the appeal is moot to the extent it relates to the bankruptcy court's Sale Order and further recommends that the Trustee's motion to dismiss be granted for that reason as well.

### A.     APPELLANTS' STANDING TO APPEAL THE SALE ORDER

"[S]tanding in bankruptcy cases is more limited than Article III standing or the prudential requirements associated therewith." *In re Troutman Enters., Inc.*, 286 F.3d 359, 364 (6th Cir. 2002) (citing *In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d Cir. 2000)). "In order to have standing to appeal a bankruptcy court order, an appellant must have been 'directly and adversely affected pecuniarily by the order.'" *Troutman*, 286 F.3d at 364 (quoting *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996)). "This principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order." *Fidelity Bank*, 77 F.3d at 882 (citing *In re Revco D.S., Inc.*, 898 F.2d 498, 499 (6th Cir. 1990)). "Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights." *Troutman*, 286 F.3d at 364 (citing *Fidelity Bank*, 77 F.3d at 882).

"Courts rarely find that a Chapter 7 debtor is a 'person aggrieved' by a bankruptcy court order regarding the disposition of property of the estate." *In re Amir*, 436 B.R. 1, 10 (B.A.P. 6th Cir. 2010) (citing *Monus v. Lambros*, 286 B.R. 629, 634 (N.D. Ohio 2002)). The Sixth Circuit has provided two exceptions to a chapter 7 debtor's limited standing:

> (1) if the debtor can show that a successful appeal would generate assets in excess of liabilities, entitling the debtor to a distribution of

> surplus under Bankruptcy Code 726(a)(6), . . . or (2) the order appealed from affects the terms of the debtor's discharge in bankruptcy.

*Amir*, 436 B.R. at 11 (citing *In re Thompson*, 965 F.2d 1136, 1144 n.12 (1st Cir. 1992) (citations omitted)).

The Trustee argues neither exception applies in this case. As to the first exception, the Trustee argues that the Debtor must show compelling evidence that the exception applies, and the Debtor cannot do so here. This is because "[t]he sale of the debtor's interest in property has insufficient value under all the proof presented to the Bankruptcy Court to generate any funds in excess of liabilities" [Doc. 18 at 6]. The Trustee presented the bankruptcy court with an approximate value of the Allegheny Property of $100,000 or less [*See* Doc. 18-5 (2020 Tax Appraisal; Doc. 18-6 (Amended Schedule A/B: Property)]. The Anderson judgment lien is over $175,000 [*See* Doc. 18-3]. The Allegheny Property sold at auction for $82,200.00, plus payment of the buyer's premium [*See* Doc. 18-12]. Thus, the Trustee contends that there is no value in the Alleghany Property for the Debtor given the discrepancy its value and the amount of the Anderson judgment lien.

The Court agrees with the Trustee and finds that the Debtor lacks standing to appeal under the first exception, as she would not be able to generate assets in excess of liabilities on appeal. *See Amir*, 436 B.R. at 11. The Court further finds that Debtor does not have standing under the second exception, as she has failed to show that the Sale Order appealed from would affect her discharge in bankruptcy. *See id*.

As to Appellant William Kinney, the Trustee argues that he disposed of his interest in the Allegheny Property through the quitclaim deed to Valdes, dated April 17, 2020 [*See* Doc. 18-4]. The Trustee posits that the bankruptcy court's granting of summary judgment to him and setting aside the transfer of the Debtor's interest in the Allegheny Property to Valdes, [*see* Doc. 18-8],

7

means that the remaining interest in the Allegheny Property stayed with Valdes as a tenant in common with the bankruptcy estate. Thus, the Trustee asserts that Appellant William Kinney had no interest in the Allegheny Property at the time it was sold, meaning he has no standing to bring an appeal of the Sale Order.

The Court agrees with the Trustee. The Valdes Quitclaim Deed, wherein Appellant William Kinney transferred his interest in the Allegheny Property to Valdes, is dated March 19, 2016, but was recorded on April 17, 2020. The Alleghany Property was sold on June 14, 2021. Thus, Appellant William Kinney had no interest in the Allegheny Property when it was sold. Furthermore, and even though Appellant William Kinney has attempted to assert himself as a creditor in the bankruptcy case, he failed to appear at the hearing over the disputed Sale Order. The Court finds that Appellant William Kinney also lacks standing to bring an appeal of the Sale Order.

As to Valdes, the Trustee states that her property interest was conveyed as part of the sale he proposed and she is not a party to this appeal [*See* Doc. 4 at 1 (referring only to "Margaret E. Kinney, the debtor, and William Kinney, Margaret's husband and a creditor (collectively, the 'Appellant') . . . .")]. That notwithstanding, the Court notes that the Appellants refer to Valdes multiple times in their response brief, [*see* Doc. 19], but this is insufficient for standing purposes even if the Court were to liberally construe this as Appellants attempting to assert Valdes's rights as a third party. "Under ordinary prudential standing limitations, litigants must normally assert their own rights, rather than those of third parties." *Troutman*, 286 F.3d at 364 (citing *Singleton v. Wulff*, 428 U.S. 106 (1976)). "The Supreme Court has articulated two principal justifications behind the third-party standing prohibition—(1) courts should not adjudicate third-party rights unnecessarily and (2) third parties will typically be the best proponents of their own rights."

8

*Troutman*, 286 F.3d at 364 (citing *Singleton*, 428 U.S. at 113–14). "These concerns apply with particular force in the bankruptcy context." *Troutman*, 286 F.3d at 364 (citing *PWS Holding*, 228 F.3d at 248). Therefore, the Court finds that no party here has standing to appeal the Sale Order of the bankruptcy court.

Appellants do not directly address the Trustee's standing argument. Instead, their response charges the Trustee and various other parties with fraud and with failures to investigate as required by law. Even construing the pro se pleadings liberally,[4] the Court finds that Appellants have failed to address the Trustee's arguments, and further finds that their allegations of fraud regarding the Anderson judgment lien and the bankruptcy process are insufficient. Appellants repeatedly label Anderson's judgment lien as "fraudulent" and even refer to "unquestionable documentary evidence of multiple federal felonies committed against the Kinney and Valdes family by Anderson and their counsel[,]" as well as "federal felonies committed by the Trustee" [Doc. 19 at 2]. While pro se litigants' filings are construed liberally, "they are not relieved of the duty to develop claims with an appropriate degree of specificity." *Purvey*, 2021 WL 1840443, at *2 (quoting *Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005)). The Court finds that Appellants' allegations of fraud and other illegal conduct are vague and insufficient to counter the Trustee's motion to dismiss. Accordingly, the Court recommends that the Trustee's motion to dismiss be granted as the Appellants lack standing to appeal the Sale Order.

---

[4] "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Purvey v. Knoxville Police Dep't*, No. 3:20-cv-317, 2021 WL 1840443, at *2 (E.D. Tenn. May 7, 2021) ("[T]he Court recognizes that *pro se* pleadings are to be held to a less stringent standard . . . .").

9

### B. MOOTNESS OF THE APPEAL OF THE SALE ORDER

While the Court's findings on standing are sufficient to recommend dismissal, it finds that the appeal is also moot to the extent it relates to the bankruptcy court's Sale Order. The Court therefore further recommends that the Trustee's motion to dismiss be granted for that reason.

The Trustee argues that the Court should find that any appeal of the Sale Order has been rendered moot because the Allegheny Property was sold to a bona fide purchaser, relying upon 11 U.S.C. § 363(m). Specifically, 11 U.S.C. § 363(m) provides the following:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

"[A] sale authorized by the bankruptcy court is still valid even if the court's order is reversed or modified on appeal." *In re K & D Indus. Holding Co., Inc.*, 850 F. App'x 966, 968 (6th Cir. 2021) (citing 11 U.S.C. § 363(m) and discussing the "mootness provision"). "The Sixth Circuit has interpreted [the mootness provision] to moot an appeal of a bankruptcy court's Sale Order unless the appeals court could grant relief without affecting the validity of the sale." *K & D Indus. Holdings*, 850 F. App'x at 968 (citing *In re Brown*, 851 F.3d 619, 622 (6th Cir. 2017)).

The Trustee relies on *In re Nashville Senior Living, LLC*, 620 F.3d 584 (6th Cir. 2010) in support of his position. In *Nashville Senior Living*, unsecured creditors appealed a bankruptcy sale order authorizing sale of the debtor's property and moved the bankruptcy court for a stay pending appeal, but before the motion for a stay was ruled on, the sale of the subject properties closed. *Id.* The Sixth Circuit ruled that the sale of the debtor's property pursuant to 11 U.S.C. §§ (b) & (h) was protected by the provisions of § 363(m) and the appeal of the sale order was statutorily moot. *Id.* at 595. The Trustee contends that the facts here are similar to those in *Nashville Senior Living* because the sale of the Allegheny Property conveyed both the bankruptcy estate's interest and

10

Case 3:21-cv-00131-TAV-JEM   Document 27   Filed 02/04/22   Page 10 of 12
PageID #: 4615

Valdes's interest pursuant to 11 U.S.C. § 363(h),[5] and the Sale Order was granted pursuant to § 363(b).[6]

The Court has reviewed the circumstances surrounding the online sale of the Allegheny Property and finds that it was conducted properly, and the purchaser was a "good faith" purchaser [*See* Doc. 18-12]. The Sale Order provided that the sale of the Allegheny property is "free and clear of liens" [Doc. 18-11 at 2]. The Trustee argues that the "free and clear of liens" language in the Sale Order and the release of liability to potential buyers is integral to the sale and that the Appellants' desire to be restored as the owners of the Allegheny Property could only be achieved by unwinding the sale in violation of 11 U.S.C. § 363(m). This "free and clear" provision is integral to the sale that took place, and such language requires the Court to find that the appeal is moot as to any relief for Appellants that would necessarily disturb the sale. *See K & D Indus. Holdings*, 850 F. App'x at 968 ("We cannot grant effective relief where the free-and-clear provisions of the sale orders were essential to the closing of the sales and any relief would disturb the sales." (citing *In re Pursuit Cap. Mgmt., LLC*, 874 F.3d 124, 139 (3d Cir. 2017))).

The Court further finds that Appellants' vague assertions of fraud and other illegal conduct are insufficient to establish any impropriety surrounding the sale. Specifically, the Appellants take issue with the Trustee's reliance on § 363(m), arguing that he has misrepresented the facts of this case. The Appellants argue that no one could know if the Sale Order had been stayed because there were pending motions in the bankruptcy court, the district court, and the Sixth Circuit at the

---

[5] 11 U.S.C. § 363(h) provides that "[n]otwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety . . . ."

[6] 11 U.S.C. § 363(b) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ."

11

time of the sale. This argument has already been directly addressed by the Sixth Circuit. In *Richards v. Swinebroad & Denton Auctioneers*, the Sixth Circuit affirmed the district court's finding that any appeals as to a completed bankruptcy sale were mooted because the debtor failed "to obtain a stay pending appeal and the sale [was] closed before the court [ruled]." 770 F.2d 167 (Table), at *2 (6th Cir. 1985).

Here, it is clear from the record that the Appellants failed to obtain a stay of the Sale Order pending their appeals. The sale of the Allegheny Property is therefore protected under 11 U.S.C. § 363(m) and the appeal is moot to the extent it relates to the bankruptcy court's Sale Order. As such, the Trustee's mootness argument also serves as a valid basis for granting the motion to dismiss.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court **RECOMMENDS**[7] that Appellee F. Scott Milligan, Trustee's Motion to Partially Dismiss Appeal [**Doc. 17**] be **GRANTED**.

Respectfully Submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).