UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MARGARET ELIZABETH KINNEY, ) | |
| ) | |
| Debtor, ) | |
| _____) | |
| ) | |
| MARGARET KINNEY and ) | |
| WILLIAM KINNEY, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | No.: 3:21-CV-131-TAV-JEM |
| ) | |
| F. SCOTT MILLIGAN and ) | |
| ANDERSON LUMBER CO., INC., ) | |
| ) | |
| Appellees. ) | |

## **MEMORANDUM OPINION**

This bankruptcy appeal is before the Court on yet another matter involving serial litigants and now-appellants Margaret and William Kinney. In this appeal, appellants challenge various orders entered in Margaret Kinney's ("debtor") bankruptcy proceedings before United States Bankruptcy Judge Suzanne Bauknight [*See* Docs. 1, 4]. The Court has received the parties' briefs [Docs. 15, 21], and this matter is ripe for adjudication.

For the reasons discussed *infra*, the Court finds appellants' arguments on appeal are procedurally barred and/or patently frivolous. Therefore, Judge Bauknight's decisions will be **AFFIRMED**, and this appeal will be **DISMISSED**.

**I.    Background**[1]

Before turning to the relevant bankruptcy proceedings, the Court notes two facts that are relevant to the instant matter but that occurred before debtor initiated her bankruptcy proceedings.  First, appellants are vexatious litigants within and outside this Court, and as such, in 2019, the Court entered an order that prohibits appellants from filing civil actions in this Court without first obtaining a written certification that the action is meritorious (the "Filing Injunction Order") [No. 3:18-CV-227-TAV-HBG Doc. 31].  Second, appellants were previously involved in a proceeding before the Circuit Court for Blount County, Tennessee [*See* Doc. 14-3 pp. 12–13].  In that proceeding, on July 23, 2019, the state court conducted a trial that appellants did not attend, and appellee Anderson Lumber Company, Inc. ("Anderson Lumber") secured a $175,465.59 judgment against appellants [*Id.*].

Turning to debtor's bankruptcy proceedings, on February 24, 2020, debtor filed a Chapter 7 bankruptcy petition and thereby initiated the instant bankruptcy proceeding (the "Main Proceeding") [Doc. 14-1 pp. 1–52].  In her petition, debtor initially claimed to own an interest in real property in Maryville, Tennessee (the "Property") [*Id.* at 23]. However, debtor later amended her petition to state that she did not own the Property

---

[1]  Given that the Court will ultimately dismiss this appeal predominantly on procedural grounds, this Part only recounts the facts necessary for understanding the procedural posture of this case.  The Court provides additional facts as necessary in Part III.

because the Property belonged to appellants' daughter Sarah Valdez ("Valdez") [*See id.* at 90]. Specifically, debtor claimed she conveyed her interest in the Property to Valdez by quitclaim deed in 2016 [*See id.* at 114]. While the transfer allegedly occurred in 2016, the quitclaim deed was not recorded until April 17, 2020, after debtor filed her bankruptcy petition [*Id.*].

In June 2020, appellee Scott Milligan (the "Trustee"), the Chapter 7 trustee in the Main Proceeding, filed an adversary complaint to set aside the alleged transfer of the Property to Valdez (the "Avoidance Proceeding") [*See* Doc. 14-4 pp. 1–4]. Judge Bauknight held for the Trustee and set aside the transfer via a judgment entered on October 22, 2020 [*Id.* at 48]. Subsequently, the Trustee amended the original adversary complaint to request permission to sell the bankruptcy estate's recovered interest along with Valdez's remaining interest [*Id.* at 53–57]. Relatedly, on February 5, 2021, Judge Bauknight entered an opinion and corresponding judgment authorizing a sale of the Property [*Id.* at 145–62]. Then, in the Main Proceeding, on March 11, 2021, after a hearing that appellants did not attend, Judge Bauknight entered an order approving a sale of the Property and directed that Anderson Lumber would receive from the proceeds partial payment for its state court judgment (the "Sale Order") [Doc. 14-2 pp. 425–26]. Accordingly, the Trustee arranged for a sale of the Property, and the sale occurred in April 2021 [*See* Doc. 18-13].

Meanwhile, appellants had filed a separate adversary complaint against Anderson Lumber, Blue Tarp Financial, Inc. ("Blue Tarp"), and Kizer and Black, Attorneys, PLLC, (the "Anderson Lumber Adversary Proceeding") [Doc. 14-5 pp. 1–9, 267–84]. Ultimately, on January 13, 2021, Judge Bauknight granted the defendants' various motions to dismiss and dismissed the Anderson Lumber Adversary Proceeding via a corresponding judgment order [Doc. 14-6 pp. 873–911]. Appellants filed a Rule 60(b) motion for relief from judgment on February 9, 2021, which Judge Bauknight denied without prejudice on February 18, 2021 [*Id.* at 946 n.1]. Appellants filed another Rule 60(b) motion on February 22, 2021 [*Id.* at 918–37], but on March 16, 2021, Judge Bauknight denied this motion as well [*Id.* at 945–52].

On March 25, 2021, appellants filed their notice of appeal [Doc. 1]. This appeal primarily challenges Judge Bauknight's decision via the Sale Order [*See id.* at 1]. However, appellants also advance a plethora of arguments related to various decisions in the proceedings described above [*See generally* Docs. 1, 15]. Appellants later filed an amended notice of appeal with no pertinent changes [Doc. 4]. Appellants filed no other notice of appeal.

## II. Standard of Review

District courts have jurisdiction to review appeals from final judgments, orders, and decrees of judges of United States bankruptcy courts. *See* 28 U.S.C. § 158(a). On appeal, district courts review factual findings for clear error and conclusions of law de novo. *Miller v. Edmunds* (*In re Mills*), No. 20-11306, 2021 U.S. Dist. LEXIS 139834, at

4

*1–2 (E.D. Mich. July 27, 2021) (citing *McMillan v. LTV Steel, Inc.*, 555 F.3d 218, 225 (6th Cir. 2009)). Because appellants are proceeding pro se, the Court construes appellants' filings more liberally than those drafted by attorneys. *See Riddle v. Greenberger* (*In re Riddle*), No. 19-8022, 2020 Bankr. LEXIS 1695, at *22 (B.A.P. 6th Cir. June 29, 2020) (quoting *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992)).

**III. Analysis**

Appellants present numerous arguments on appeal. Ultimately, the Court finds all of appellants' arguments are procedurally barred and/or frivolous. As discussed in Part III.A, appellants filed no timely notice of appeal as to all but two of the orders challenged. As to the first of the two remaining issues, as discussed in Part III.B, Judge Bauknight properly denied appellants' Rule 60(b) motions. As to the final issue, as discussed in Part III.C, appellants have no standing to challenge the Sale Order and, alternatively, the challenge to the Sale Order is moot.

**A. Failure to File a Timely Notice of Appeal**

Appellees argue appellants failed to file a timely notice of appeal as to most of the issues presented [Doc. 21 pp. 31–41]. "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). While this 14-day deadline is not jurisdictional, it is nonetheless "mandatory" and thus a court must enforce the deadline when an appellee raises it. *Tennial v. REI Nation, LLC* (*In re Tennial*), 978 F.3d 1022, 1028 (6th

Cir. 2020).² This deadline applies and may be enforced even when the appellant is proceeding pro se. *See Cmty. Fin. Serv. Bank v. Edwards* (*In re Edwards*), 748 F. App'x 695, 700 (6th Cir. 2019) (enforcing the Rule 8002 deadline against a pro se appellant and stating that "[a]lthough courts must construe liberally [pro se filings], it does not follow that courts must excuse a pro se [litigant's] failure to comply with straightforward rules for which no legal training is required.").

Appellants present the following arguments related to orders in the Avoidance Proceeding:

1. the order granting the Trustee's motion to amend violated appellants' constitutional rights [Doc. 1 pp. 2–4; Doc. 15 pp. 10, 38–41];

2. Judge Bauknight's summary judgment order denied Valdez due process because Valdez is incompetent and was unrepresented [Doc. 1 pp. 4–5; Doc. 15 pp. 10, 38];

3. the Trustee asserted an interest in the Property after the statute of limitations for doing so expired [Doc. 1 pp. 10–11; Doc. 15 pp. 9–10, 42–43];³

---

² A court may excuse an untimely notice of appeal if the appellant "seeks leave or has cause for her untimeliness. However, if a party is on notice, and there are no circumstances that would merit extension of the deadline, the deadline will not be extended and failure to comply with the deadline mandates dismissal." *Richard v. Greenstone Farm Credit Servs., ACA* (*In re Richard*), No. 1:21-CV-11064, 2021 U.S. Dist. LEXIS 114900, at *4–5 (E.D. Mich. June 21, 2021); *see also* Fed. R. Bankr. P. 8002(b); *Cmty. Serv. Bank v. Edwards* (*In re Edwards*), 748 F. App'x 695, 698 (6th Cir. 2019) (stating that a court may excuse a late notice of appeal if it is filed no later than 21 days after expiration of the deadline and the appellant shows excusable neglect). Here, appellants did not move for an extension before the deadline expired, they have not offered any explanation for their late filing, and no excusable neglect or other cause provides any justification for appellants' untimely notice of appeal. *See also infra* Part III.B.

³ Appellants fail to specify the order appellants are challenging via this argument, but it appears appellants challenge Judge Bauknight's summary judgment order [*See* Doc. 14-4 p. 152 n.9].

6

4. the Trustee wrongfully caused appellants to belatedly record the quitclaim deed "by fraud and deceit" [Doc. 15 pp. 30–33]; and

5. the Trustee failed to comply with the requirements of 11 U.S.C. § 363(h) [*Id.* at 33–37].[4]

Judge Bauknight's decisions as to these issues became final at the latest when judgment entered on February 5, 2021 [Doc. 14-4 pp. 161–62]. However, appellants filed their notice of appeal on March 25, 2021 [*See* Doc. 1]. Thus, appellants' notice of appeal is untimely as to these issues.

Next, appellants present the following arguments related to orders in the Anderson Lumber Adversary Proceeding:

1. Judge Bauknight improperly applied the Filing Injunction Order "to violate [appellants'] civil and equal rights" [Doc. 1 pp. 5, 11; Doc. 15 pp. 9–10, 37–38, 41–42];[5]

2. Anderson Lumber was in default in *Kinney v. Anderson Lumber Company, Inc.*, No. 3:16-CV-78, by failing to comply with an order of United States Magistrate Judge H. Bruce Guyton [Doc. 1 pp. 5–6; Doc. 15 pp. 11–17];[6]

---

[4] Section 363(h) provides limitations regarding the sale of property of a bankruptcy estate when the property is also co-owned by another entity. *See* 18 U.S.C. § 363(h).

[5] Appellants fail to specify the order appellants are challenging via this argument, but it appears appellants challenge Judge Bauknight's order granting the defendants' motion to dismiss [*See* Doc. 14-6 pp. 874–75, 875 n.6].

[6] Appellants fail to specify the order appellants are challenging via this argument, but it appears appellants challenge Judge Bauknight's order granting the defendants' motion to dismiss [*See* Doc. 14-5 pp. 270–71]. Separately, the Court notes that in appellants' notice of appeal, appellants appear to argue the Sixth Circuit violated appellants' rights in its decision regarding the same issue on appellants' previous appeal [*See* Doc. 1 p. 6; Doc. 15 pp. 15–16]. The Court has no jurisdiction to consider this argument because it is a challenge to a Sixth Circuit decision. *See* 28 U.S.C. § 158 (noting that district courts' appellate authority in Bankruptcy appeals extends to review of orders of United States bankruptcy judges).

7

3. Blue Tarp was in default when it filed its answer and therefore lacked standing to file a motion to dismiss [Doc. 1 p. 8; Doc. 15 pp. 9, 27–28];

4. Judge Bauknight incorrectly applied the *Rooker-Feldman* doctrine and *res judicata* in granting the defendants' motion to dismiss [Doc. 1 pp. 8–9; Doc. 15 pp. 17–20];

5. appellants never received notice of the state court trial and therefore the corresponding judgment is invalid [Doc. 1 p. 9; Doc. 15 pp. 8, 20, 38];[7]

6. Judge Bauknight improperly adopted the state court judge's finding that appellants were contractually responsible for the debt to Anderson Lumber [Doc. 1 p. 10];

7. the state court judgment was not a "final" judgment because Blue Tarp did not participate in the trial, and appellant William Kinney was an intervenor rather than a defendant [Doc. 1 p. 10; Doc. 15 pp. 8–9, 21, 27–28];[8]

8. the state court had no subject matter jurisdiction and therefore the state court judgment is invalid [Doc. 15 pp. 8, 14];[9]

9. the state court judgment was invalid because Anderson Lumber and Blue Tarp fabricated evidence and committed "wire fraud and bank fraud" [*Id.* at 9, 14, 21–22, 29–30];[10] and

---

[7] Appellants fail to specify the order appellants are challenging via this argument, but it appears appellants challenge Judge Bauknight's order granting the defendants' motion to dismiss [*See* Doc. 14-6 pp. 877–78; *see also id.* at 715, 718].

[8] Appellants fail to specify the order appellants are challenging via this argument, but it appears appellants challenge Judge Bauknight's order granting the defendants' motion to dismiss [*See* Doc. 14-6 pp. 784, 884, 888].

[9] Appellants fail to specify the order appellants are challenging via this argument, but it appears appellants challenge Judge Bauknight's order granting the defendants' motion to dismiss [*See* Doc. 14-6 p. 889].

[10] Appellants fail to specify the order appellants are challenging via this argument, but it appears appellants challenge Judge Bauknight's order granting the defendants' motion to dismiss [*See* Doc. 14-6 pp. 702, 728].

8

> 10. appellants held the Property in a resulting trust, and Judge Bauknight failed to appoint a guardian ad litem to represent Valdez's minor children [*Id.* at 10, 41].[11]

Judge Bauknight's decisions as to these issues became final at the latest when judgment entered on January 13, 2021 [*See* Doc. 14-6 pp. 910–11]. However, appellants filed their notice of appeal on March 25, 2021 [*See* Doc. 1]. Thus, appellants' notice of appeal is untimely as to these issues.

Finally, appellants argue Judge Bauknight erred in dismissing a separate adversary complaint appellants filed in the Main Proceeding because appellants failed to comply with the Filing Injunction Order [*Id.* at 1; Doc. 15 pp. 9, 37–38, 41–42]. The decision appellants challenge was entered on February 22, 2021 [Doc. 14-2 p. 391]. However, appellants filed their notice of appeal on March 25, 2021 [*See* Doc. 1]. Thus, appellants' notice of appeal as to this issue is untimely. Regardless, the Court has authority to issue orders such as the Filing Injunction Order in cases with vexatious litigants. *See Filipas v.*

---

[11] Appellants also argue Judge Bauknight "committed discovery fraud" [Doc. 15 p. 9]. Despite diligence, the Court has been unable to ascertain which of Judge Bauknight's orders appellants intend to appeal as to this argument. Therefore, and because appellants' argument as to this issue is conclusory, the Court finds appellants have waived this argument. *See Nur v. Anderson*, 17 F. App'x 369, 370 (6th Cir. 2001) (stating that conclusory arguments are waived).

It is true that appellants argued in the Anderson Lumber Adversary Proceeding that certain defendants—not Judge Bauknight—committed "discovery fraud," and Judge Bauknight rejected that argument [*See* Doc. 14-6 pp. 904–06]. To the extent appellants are intending to appeal that decision, appellants failed to file a timely notice of appeal because judgment entered on January 13, 2021 [*See id.* at 910–11], yet appellants filed their notice of appeal on March 25, 2021 [*See* Doc. 1].

9

*Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).  Therefore, Judge Bauknight did not err in enforcing the Filing Injunction Order.[12]

For these reasons, appellants' appeal as to the issues discussed in this Section will be **DISMISSED**.[13]

### B. Appeal of the Rule 60(b) Motions

Appellants challenge Judge Bauknight's order denying appellants' Rule 60(b) motions in the Anderson Lumber Adversary Proceeding [Doc. 1 pp. 6–7; Doc. 16 p. 17]. Before continuing, the Court notes appellants' Rule 60(b) motions raised several of the same arguments discussed in the preceding Section, which Judge Bauknight rejected pre-judgment [*See* Doc. 14-6 pp. 912–38].  This presents the preliminary question whether the Rule 60(b) motions tolled the notice-of-appeal deadline as to the underlying issues presented in the Anderson Lumber Adversary Proceeding.

Generally, when a party files a *timely* motion to alter or amend a judgment, the notice-of-appeal deadline as to the underlying judgment tolls until that motion is adjudicated.  Fed. R. Bankr. P. 8002(b)(1)(B).  A motion to alter or amend judgment is timely if made within 14 days of entry of judgment.  *See id.* R. 9023.  Here, the Anderson

---

[12] Appellants also appear to challenge the Filing Injunction Order itself [*See* Doc. 1 p. 1]. However, the Court summarily rejects this challenge because the Court has no authority in this proceeding to review its previous orders.  *See* 28 U.S.C. § 158 (noting that district courts' appellate authority in bankruptcy appeals extends to review of orders of United States bankruptcy judges).

[13] The Court also notes that many of appellants' arguments are independently subject to summary dismissal because they are conclusory and/or do not clearly identify the decision being appealed.  *See Nur v. Anderson*, 17 F. App'x 369, 370 (6th Cir. 2001) (stating that conclusory arguments are waived).  Regardless, all of appellants' arguments are frivolous.

10

Lumber Adversary Proceeding judgment entered on January 13, 2021 [*See* Doc. 14-6 pp. 910–11], yet appellants filed their first Rule 60(b) motion over 14 days thereafter on February 9, 2021 [*Id.* at 912–13]. Therefore, the Rule 60(b) motions were untimely and thus did not toll the notice-of-appeal deadline as to the issues involved in the underlying judgment.

That said, it appears appellants' notice of appeal as to the Rule 60(b) motion itself was timely because Judge Bauknight entered an order denying the Rule 60(b) motions on March 16, 2021 [*See id.* at 945–52], and the notice of appeal was filed on March 25, 2021 [*See* Doc. 1]. Of course, an appeal from a denial of a Rule 60(b) motion does not raise for appellate review the issues involved in the underlying judgment. *See Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (citation omitted). Instead, the appeal merely presents the question whether the inferior court properly decided the Rule 60(b) motion itself, and to answer that question, the reviewing court must apply the Rule 60(b) standard. *See id.* Pertinently, a Rule 60(b) motion may not relitigate issues a court has already addressed or raise arguments that were available sooner. *See Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) (citation omitted).

The Court finds that Judge Bauknight properly denied appellants' Rule 60(b) motions. As Judge Bauknight determined, appellants' Rule 60(b) motions impermissibly re-raised arguments that Judge Bauknight had already rejected pre-judgment [*See* Doc. 14-6 pp. 947–52]. In any event, appellants' arguments provided no basis to set aside the Anderson Lumber Adversary Proceeding judgment on the merits.

11

Therefore, appellants' appeal as to Judge Bauknight's order denying appellants' Rule 60(b) motions will be **DISMISSED**.

C. **Appeal of the Sale Order and Motion to Partially Dismiss Appeal**

Finally, appellants appeal the Sale Order [Doc. 1 p. 1; Doc. 4 pp. 1–4; Doc. 15 pp. 8, 23–26, 36]. During the pendency of this appeal, appellees filed a motion to partially dismiss this appeal as to this issue [Doc. 17].[14] The Court referred this motion to the United States Magistrate Judge [Doc. 22] and on February 4, 2022, Judge McCook entered her Report and Recommendation (the "R&R") [Doc. 27].[15] In the R&R, Judge McCook recommends that appellees' motion to partially dismiss be granted because appellants lack standing to appeal the Sale Order and, alternatively, the challenge to the Sale Order is moot [*Id.*]. There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

After a careful review of the matter, the Court agrees with Judge McCook's recommendations, which the Court adopts and incorporates into its ruling. As such, the Court will **ACCEPT IN WHOLE** the R&R [Doc. 27]. Accordingly, the Court finds that

---

[14] Only the Trustee—not Anderson Lumber—filed the motion to partially dismiss [*See* Doc. 17]. However, because the same analysis applies insofar as both of appellees are concerned, the Court refers to the motion as appellees' motion.

[15] Magistrate Judge H. Bruce Guyton was originally assigned to the case, and upon his retirement, the case was reassigned to Magistrate Judge Jill E. McCook [Doc. 24]. Accordingly, the Court considers Judge McCook's recommendation in considering appellants' appeal of the Sale Order.

12

appellants lack standing to appeal the Sale Order and, alternatively, that appellants' challenge to the Sale Order is moot.

Therefore, the motion to partially dismiss [Doc. 17] will be **GRANTED**, and appellants' appeal as to the Sale Order will be **DISMISSED**.

### IV. Conclusion

For the foregoing reasons, appellants are not entitled to relief on appeal. All of appellants' arguments are procedurally barred and/or frivolous. The Court will **ACCEPT IN WHOLE** the R&R [Doc. 27], **GRANT** the motion to partially dismiss [Doc. 17], and **AFFIRM** all of Judge Bauknight's decisions. Accordingly, the instant appeal will be **DISMISSED**. A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

13